IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEON CLOPTEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WARDEN SCOTT CROWTHER et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING SERVICE OF PROCESS**<br><br><br>Case No. 2:15-CV-782 DB<br><br>District Judge Dee Benson |

　　　　Plaintiff, Deon Clopten, a Central Utah Correctional Facility inmate, filed this *pro se* civil rights suit,[1] proceeding *in forma pauperis*.[2] Based on review of the Complaint,[3] the Court concludes that official service of process is warranted. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon this Utah Department of Corrections (UDOC) employees: **Wardens Scott Crowther and Alfred Bigelow.**

　　　　Once served, Defendants shall respond to the summons in one of the following ways:

　　　　(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust
　　　　　　administrative remedies in a grievance process, Defendants must,
　　　　　　　　(i) within 20 days of service, file an answer;

---

[1] *See* 42 U.S.C.S. § 1983 (2016).

[2] *See* 28 *id.* § 1915.

[3] (Docket Entry # 5.)

  (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[4]; and,

  (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

  (i) file an answer; or

  (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants chooses not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

  (i) file an answer, within 20 days of service;

  (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

  (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

---

[4] *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

  In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing an answer.

The parties shall take note that local rules governing civil cases are in effect. All requirements are important but the most significant here are in motion practice and sealed filings. This Court will order the parties to refile summary-judgment motions which do not follow the standards.[5]

Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez* report if desired. Plaintiff is further notified that (s)he must, within 30 days of its filing, respond to a motion to dismiss or summary-judgment motion. Plaintiff is finally notified that, if Defendant moves for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motions to add Warden Alfred Bigelow as a defendant are GRANTED. (*See* Docket Entry #s 16 & 17.)

(2) USMS shall serve a completed summons, a copy of the Complaint,[6] and a copy of this Order upon the above-listed defendants.

---

[5] *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

[6] (*See* Docket Entry # 5.)

(3) Within 20 days of being served, Defendants must file an answer or motion to dismiss, as outlined above.

(4) If filing a *Martinez* report, Defendants must do so within 90 days of filing their answers. Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answers.

(5) If served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(6) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(7) Summary-judgment motion deadline is 120 days from filing of answer.

(8) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answers.

DATED this 4th day of January, 2017.

BY THE COURT:

*[signature: Dee Benson]*

JUDGE DEE BENSON
United States District Court